## IDA B. ONG *v.* WILLIAM SUMNER ET AL.

The clause in the Code, which saves from the statute of limitations married women until after their disability is removed, is constructively repealed, so far as such a suit is concerned, by the subsequent statute giving married women the right to sue alone for personal injuries at any time during coverture.

A woman, married at the time the cause of action accured, in a suit in her own name for personal injuries, is barred by the statute of limitations as if she were a *feme sole.*

This cause came on to be heard at Special Term on demurrer to the petition. The court below sustained the demurrer; and a writ of error was sued out by the plaintiff to the General Term.

The case appears fully in the opinion.

*E. Colston* and *Jordan, Jordan & Williams,* for plaintiff in error.

*King, Thompson & Avery,* contra.

STORER, J. This action is brought by the plaintiff to recover damages for a personal injury alleged to have been sustained by her in falling from the stairs of the defendants' sewing machine manufactory, in consequence of the insecure and unskillful manner in which the stairway was built. She states that when the cause of action accrued she was, and still is, a married woman, though the suit is instituted in her own name without the addition of her husband or next friend. The injury happened on March 29, 1866, and the action was brought on August 12, 1870.

The defendants demur, and claim that on the pleadings the cause of action, if any existed, is barred by the statute of limitations. S. & C. 948, sec. 15.

It is urged against the demurrer that she is not precluded, as

she was a *feme covert* at the time her right of action accrued, and that the saving clause in section 19 is a full answer to the defendants' claim. This clause gives to married women, for rights of action accruing to her, the privilege of commencing suits within the same time after coverture ceases in which she might originally have brought them if *sole.*

If we examine the statute of 21 James 1, cap. 16, which has either been copied into the statutes of the several States of our Union or made the foundation of the statutes themselves, the disability of a *feme covert,* we find, was allowed to extend the limitation as to her, as the consequence of the law which gave to her husband the exclusive control of all her property and rights of action. By his consent alone could an action be brought for a tort affecting the person or property of the wife. He alone was entitled to the fruits of any recovery when the aid of the court was invoked, and he alone could compromise or release the claim. If he declined to interfere the wife was practically without remedy, and unless the statute had saved her right by suspending the course of the limitation until coverture had ceased, her case was hopeless.

In Ohio the thorough changes in the legal relation of husband and wife, as to her property and personal rights, have introduced a new system by which marital obligations and privileges must be governed. The husband can not claim now that the personal injuries of his wife can be sued for, compromised, or released by him alone. He is now, to all legal intent, precluded from interfering with her separate property for his own benefit, and over it has no longer the control.

Thus, the reason of the former extension of limitation on account of disability secured to a *feme covert* has ceased, for she is now the sole mistress of her right to sue for any personal injury, without joining her husband or invoking the aid of her *prochein ami.* She may prosecute her claim to judgment, employ counsel, and become liable for costs, in

the course of litigation, to the same extent that she would be were she unmarried.

The present action is brought in the name of the wife, claiming damages for herself alone. Her husband is not a party, though the petition states that the plaintiff was and still is a *feme covert*. She alone must be regarded as entitled to sue for and recover her damages. As the husband could not appropriate the damages to his own benefit, he could not claim them by action in his own name; his only relation could be that of next friend, and his only liability that of costs; while a late statute permits the wife to maintain her suit in her own name, without the intervention of her *prochein ami*. The wife alone must then be regarded as entitled to prosecute the wrong-doer, as if she were a *feme sole*.

This is the view we take of the law as we find it in the several statutes now in force relating to the rights and liabilities of married women, and this is the construction given by the New York courts to the kindred acts of that State. They hold that the right of the wife to recover for personal injuries exclusively belongs to her; that it is her separate estate, protected from the control of the husband, who is to all legal intent a stranger to the remedy, having no part or lot in the matter; that the husband can not bring the action in his own name, nor in conjunction with his wife; that she is the sole party in interest, and will be protected in the full enjoyment of what in former years would have been for his sole benefit.

We must conclude that the wife is, in contemplation of the law in a proceeding like the present, to be regarded as a *feme sole*, and may ask the same legal or equitable relief as if she had never been *covert*.

But, it is argued, if we have determined rightly the construction to be given to the statutes referred to, still it may be doubted whether the disability does not still exist, as it is not expressly taken away. We admit, as a general rule, the repeal of a former statute should be declared in express

terms ; but where the implication of legislative intention is clearly to be gathered from the words of the statutes themselves, the result must be the same as if the law was repealed in express terms.

"Where the provisions of two statutes are so far inconsistent with each other that both can not be enforced, the latter must prevail. If, however, by any fair course of reasoning the two can be reconciled, both shall stand." These are the words of the Supreme Court, in *Ludlow's heirs* v. *Johnston,* 3 Ohio, 564, and the same doctrine had previously been held to be the law in *Moore's lessee* v. *Vance,* 1 Ohio, 10, and subsequently by Hitchcock, J., in *Seymour* v. *The M. and C. Turnpike Co.,* 10 Ohio, 476, who used this language : "Where a statute is passed which conflicts with, or contradicts, or is inconsistent with a former statute, the latter must have effect and the former be considered as repealed."

How, then, can these statutes be reconciled ? If we hold the former is still in force, the wife will be allowed an indefinite period, depending on the life of her husband, to prosecute her claim, when she might have brought her action at the time the injury was sustained, without the let, control, or hinderance of her husband, the law having expressly reserved to her the privilege to sue at any time, without his aid. We have considered the questions involved in the cause very carefully, and consider that the relation of husband and wife existing at the time this action was brought, was controlled by the statute which determines the rights of married women, saving to them the exclusive enjoyment of their separate estate and redress for all personal injury, with power to begin suits in their own name, as if *femes covert.* Hence it follows, if she sues as *feme sole,* she is subject to the same rules of limitation.

The demurrer will therefore be sustained, and judgment entered for the defendants.

TAFT, J., dissented in the following opinion :

The plaintiff in error was the original plaintiff, her suit

having been defeated on a demurrer to the petition. The action was for a personal injury sustained by the plaintiff, a married woman, through the negligence of the defendant to keep his premises in a safe condition. The petition showed that the cause of action arose more than four years prior to the commencement of the suit; but it also shows that the plaintiff was a married woman when the cause of action arose, and still remains a married woman.

The demurrer is based upon the statute of limitations:

The suit was brought in the name of the married woman without uniting the husband, under the act of 1870, amending section 28 of the Code (67 Ohio L. 111). This act authorizes such a suit without a next friend. And, by the former act, damages recovered for such a personal injury would be her separate property.

The defendant claims that as the married woman can sue without her husband and without a next friend, the disability of coverture has ceased, and that the statute of limitations ought to run against her as it does against a single woman or a man. The Code, which was adopted in 1853, by section 19, provides that "if a person entitled to bring any action mentioned in this chapter, except for a penalty or forfeiture, be, at the time the cause of action accrued, within the age of twenty-one years, *a married woman*, insane, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter, after such disability shall be removed."

This is an express exception in favor of a married woman, and saves her right, unless it is taken away by some subsequent legislation. The subsequent legislation which is supposed to take it away is the act which authorizes her to sue in her own name, to enforce this personal right. The argument assumes that the reason why the statutory exception was made in favor of married women, was that she could not sue without her husband; and, as he might refuse to join, she might lose her right from disability.

There is a legal maxim that when the reason of a rule

has ceased, the rule itself ceases; and it is claimed that that maxim applies to this case. But I do not regard that maxim as sufficient to repeal an express statute. It may furnish a good reason for repealing the statute, but it is to be addressed to the legislature, and not to the court, so long as the statute is in force.

Nor is the subsequent legislation so inconsistent with the provisions in the act of 1853 as to imply a repeal of that provision. Repeals by implication are not favored, and can not be sustained, unless the subsequent act is so inconsistent with the former that both can not have a complete operation. But these two acts can stand together. They do not in any manner interfere with each other. The latter act may furnish a reason why the former one is not necessary, and therefore should be repealed. But it does not prevent the operation of the former, and therefore does not repeal it.

When we have an express, unequivocal statute that a statute of limitations shall not run against a married woman, we can not, as a court, inquire into the reason on which the legislature enacted the statute, in order to determine whether we will regard it. The legislature may legislate away the reason on account of which an act was passed, and yet not repeal the act itself. The legislature could easily have repealed the exception in favor of married women if it had seen fit to do so. As it has not done so, I feel bound to suppose that it was not intended to do so.